# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL HERRERA-GARCIA,<br><br>  Petitioner,<br><br>  v.<br><br>UNKNOWN,<br><br>  Respondent. | Case No. 1:17-cv-00127-SAB-HC<br><br>ORDER GRANTING PETITIONER LEAVE TO FILE A MOTION TO AMEND THE PETITION AND NAME A PROPER RESPONDENT<br><br>ORDER TO SHOW CAUSE |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

**A.  Leave to Amend Petition to Name a Proper Respondent**

In this case, Petitioner does not name any respondent. A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. Rule 2(a), Rules Governing Section 2254 Cases; Ortiz-Sandoval v.

1

Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated. Smith v. Idaho, 392 F.3d 350, 355 (9th Cir. 2004); Stanley, 21 F.3d at 360. However, the chief officer in charge of state penal institutions is also appropriate. Ortiz-Sandoval, 81 F.3d at 894; Stanley, 21 F.3d at 360.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of personal jurisdiction. Stanley, 21 F.3d at 360. However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility or the chief officer in charge of state penal institutions. See Dubrin v. California, 720 F.3d 1095, 1100 (9th Cir. 2013) (petitioner should be granted leave to amend petition to name proper respondent). In the interests of judicial economy, Petitioner need not file an amended petition. Instead, Petitioner may file a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.

**B. Exhaustion**

Also, it appears that Petitioner may have failed to exhaust his claims in the instant petition. A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Here, it is appears that Petitioner has failed to raise his claims before the California Supreme Court. (ECF No. 1 at 3–4). If Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1). It is possible, however, that Petitioner has presented all of his claims to the California Supreme Court

and failed to indicate this to the Court. Thus, Petitioner must inform the Court whether each of his claims has been presented to the California Supreme Court, and if possible, provide the Court with a copy of the petition filed in the California Supreme Court that includes the claims now presented and a file stamp showing that the petition was indeed filed in the California Supreme Court.

## II.

## ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is GRANTED **THIRTY (30) days** from the date of service of this order in which to file a motion to amend the petition to name a proper respondent; and

2. Petitioner is ORDERED to SHOW CAUSE within **THIRTY (30) days** from the date of service of this order why the petition should not be dismissed for failure to exhaust state remedies.

Petitioner is forewarned that failure to follow this order may result in dismissal of the petition pursuant to Federal Rule of Civil Procedure 41(b) (a petitioner's failure to prosecute or to comply with a court order may result in a dismissal of the action).

IT IS SO ORDERED.

Dated: **January 31, 2017**

UNITED STATES MAGISTRATE JUDGE