# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL HERRERA-GARCIA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>UNKNOWN,[1]<br><br>　　　　Respondent. | Case No. 1:17-cv-00127-LJO-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On January 27, 2017, Petitioner filed the instant petition for writ of habeas corpus challenging his conviction in the Fresno County Superior Court for assault with a deadly weapon. (ECF No. 1 at 1–2).[2] On January 31, 2017, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust state judicial remedies. (ECF No.

---

[1] The Court notes that Petitioner has not named a proper Respondent, such as the warden of the facility in which he is held or the chief officer in charge of state penal institutions. See Rule 2(a), Rules Governing Section 2254 Cases; Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004); Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996). The Court previously gave Petitioner an opportunity to amend the name of Respondent, but Petitioner failed to do so. Moreover, amendment is futile because the Court recommends that the petition be dismissed for nonexhaustion.

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

4). On January 31, 2017, the order to show cause was served on Petitioner and contained notice that a response should be filed within thirty days of the date of service of the order. Over thirty days have passed and Petitioner has not responded to the Court's order to show cause.

## II.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Here, the petition states that Petitioner did not appeal his conviction to the California Supreme Court or seek relief in any other proceeding in the California Supreme Court. (ECF No. 1 at 2–4). It is possible that, contrary to what is stated in the petition, Petitioner presented all of his claims to the California Supreme Court. However, as Petitioner has not responded to the order to show cause, it appears that Petitioner failed to exhaust his claims in the instant petition. If Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of those claims. 28 U.S.C. § 2254(b)(1).

## III.

## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE for failure to exhaust state judicial remedies.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 23, 2017**

UNITED STATES MAGISTRATE JUDGE